RECORD NO. 12-4902

In The

# United States Court of Appeals
### For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee*,

**v.**

## TERRENCE MAURICE MCNEILL, a/k/a Lil' Fred,

*Defendant – Appellant*.

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## AT RALEIGH

———————

## BRIEF OF APPELLANT

———————

**Jeffrey William Gillette**
**GILLETTE LAW FIRM, PLLC**
**19 West Hargett Street, Suite 601**
**Raleigh, North Carolina 27601**
**(919) 747-8290**

*Counsel for Appellant*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................. iii

JURISDICTIONAL STATEMENT ....................................................... 1

COUNSEL'S *ANDERS* STATEMENT .................................................. 2

ISSUES PRESENTED FOR REVIEW .................................................. 4

STATEMENT OF THE CASE .............................................................. 5

STATEMENT OF THE FACTS ............................................................ 8

SUMMARY OF THE ARGUMENT ...................................................... 9

ARGUMENT .................................................................................... 12

 The District Court's sentence was unreasonable ........................... 12

  Standard of Review ............................................................... 12

  Argument ............................................................................. 12

   A. Mr. McNeill's Claims His Sentence is Unreasonable Because It Punishes Him Twice for the Same Crime ........................................................... 13

   B. Mr. McNeill Claims His Sentence is Unreasonable Because It is Based on Clearly Erroneous Assumptions About Drug Weight and Composition .................................................................. 16

CONCLUSION ................................................................................................21

STATEMENT REGARDING ORAL ARGUMENT ...........................................21

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Anders v. California*,
    386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 497 (1967) ..................2, 3, 9, 21

*Chapman v. United States*,
    500 U.S. 453, 111 S. Ct. 1919, 114 L. Ed. 2d 524 (1991) .....................17, 18

*DePierre v. United States*,
    131 S. Ct. 2225, 180 L. Ed. 2d 114 (2011)....................................................19

*Ex parte Lange*,
    85 U.S. 163, 21 L. Ed. 872, 18 Wall. 163 (1874).........................................14

*Gall v. United States*,
    552 U.S. 38, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007) .........................12, 13

*United States v. Booker*,
    543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005) .............................12

*United States v. Campbell*,
    354 Fed. Appx. 786 (4th Cir. 2009) .............................................................18

*United States v. Carroll*,
    1997 U.S. App. LEXIS 9879 (4th Cir. 1997)................................................18

*United States v. Crockton, et. al.*,
    file no. 5:04-CR-78-F ..................................................................................2, 5

*United States v. Davis*,
    278 Fed. Appx. 263 (4th Cir. 2008) .............................................................18

*United States v. Ford*,
    88 F.3d 1350 (4th Cir. 1996) .......................................................................19

*United States v. Hampton*,
 628 F.3d 654 (4th Cir. 2010) ...........................................................................16

*United States v. King*,
 998 U.S. App. LEXIS 13212 (4th Cir. 1998) ....................................................19

*United States v. Lawton*,
 477 Fed. Appx. 964 (4th Cir. 2012) .............................................................15

*United States v. Montes-Pineda*,
 445 F.3d 375 (4th Cir. 2006) ...........................................................................13

*United States v. Murph*,
 421 Fed. Appx. 259 (4th Cir. 2011) .............................................................15

*United States v. Pankey*,
 414 Fed. Appx. 529 (4th Cir. 2011) .............................................................15

*United States v. Rodriguez*,
 436 Fed. Appx. 247 (4th Cir. 2011) .............................................................15

*United States v. Swygert*,
 23 Fed. Appx. 191 (4th Cir. 2002) ...........................................................18

*United States v. Thornton*,
 554 F.3d 443 (4th Cir. 2009) ...........................................................................12

*United States v. Vasquez*,
 261 Fed. Appx. 573 (4th Cir. 2008) .............................................................18

*United States v. Woodrup*,
 86 F.3d 359 (4th Cir. 1996) ...........................................................................14

## CONSTITUTIONAL PROVISION

U.S. CONST. amend. V ...........................................................................9, 13

## **STATUTES**

18 U.S.C. § 922(g) ................................................................. 5

18 U.S.C. § 922(g)(1) ............................................................ 5

18 U.S.C. § 924(c) ................................................................ 15

18 U.S.C. § 1291 .................................................................. 1

18 U.S.C. § 3553(a) .......................................................... 12, 13

18 U.S.C. § 3742(a) ............................................................. 1

21 U.S.C. § 841 ............................................................. 10, 17

21 U.S.C. § 841(a)(1) ........................................................ 1, 6

21 U.S.C. § 841(a)(2) .......................................................... 11

21 U.S.C. § 841(b) .............................................................. 18

21 U.S.C. § 841(b)(1) .......................................................... 17

21 U.S.C. § 841(b)(1)(A)(ii) .................................................. 17

21 U.S.C. § 841(b)(1)(A)(iii) ................................................. 17

21 U.S.C. § 841(b)(1)(A)(iv) ................................................. 17

21 U.S.C. § 841(b)(1)(A)(viii) ............................................... 17

21 U.S.C. § 841(b)(1)(B) ...................................................... 16

21 U.S.C. § 841(b)(1)(B)(ii) .............................................. 17, 18

21 U.S.C. § 841(b)(1)(B)(iii) ................................................. 17

21 U.S.C. § 841(b)(1)(B)(iv) ........................................................17

21 U.S.C. § 841(b)(1)(B)(viii) .....................................................17

## **GUIDELINES**

U.S.S.G. § 2D1.1 ...........................................................................10

U.S.S.G. § 2D1.1(c) ......................................................................19

U.S.S.G. § 2K2.4 ...........................................................................16

U.S.S.G. § 5G1.3(c) ......................................................................15

U.S.S.G. § 7B1.3(f) .......................................................................15

## **OTHER AUTHORITY**

Pub. L. 99-570, 100 Stat. 3207 ....................................................17

## <u>JURISDICTIONAL STATEMENT</u>

Appellant Terrence Maurice McNeill ("Mr. McNeill") is a person in custody pursuant to a judgment of the United States District Court for the Eastern District of North Carolina.  The district court had jurisdiction under 21 U.S.C. § 841(a)(1).  This Court's jurisdiction is pursuant to 18 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Mr. McNeill filed a timely notice of appeal on November 9, 2012 (D.E. 83).  This appeal is from a final order (D.E. 85).

## COUNSEL'S *ANDERS* STATEMENT

This brief is filed pursuant to *Anders v. California*, 386 U.S. 738 (1967). Counsel was appointed by this Honorable Court pursuant to the Criminal Justice Act to represent Mr. McNeill with respect to this appeal from the judgment of sentence for a criminal conviction.

Counsel states that he has made a conscientious review of the entire record in this case, as directed by *Anders*.  Specifically, counsel reviewed all of the docket entries from the District Court[1]  as well as all of the docket entries from the direct appeal[2] and relevant entries related to Mr. McNeill's probation violation hearing that resulted from the same offense conduct.[3]   In addition, he has reviewed numerous documents and letters provided by Mr. McNeill.

Based upon this thorough and conscientious review of the record , as well as counsel's extensive research and application of case law to the facts of this case, counsel submits that there are no non-frivolous issues that can be raised in this appeal.

In this *Anders* brief, counsel will address the issues that flow from the information and suggestions of Mr. McNeill, as well as all other plausible bases for argument on appeal.  In each instance, counsel will refer to the portions of the

---

[1] References to the Docket Entries from the District Court at 5:11-CR-31-BR-1 are indicated throughout as "DE___."

[2] U.S.C.A. Fourth Circuit file no. 10-4021.

[3] *United States v. Crockton, et. al.*, file no. 5:04-CR-78-F.

record which contain information relevant to the issue, cite to any legal authority that has bearing on his claims, make any possible arguments on behalf of Mr. McNeill, and explain why counsel believes that all of these issues are legally frivolous.

Counsel has also, prior to filing of this *Anders* brief, communicated to Mr. McNeill that, in his opinion, there are no meritorious, non-frivolous issues to be raised in this appeal. Additionally, counsel has supplied Mr. McNeill with a copy of this *Anders* brief, as evidenced by the *Certificate of Service of Anders Brief on Defendant*. Counsel has informed Mr. McNeill of his right to file a *pro se* brief within thirty (30) days, to address any issues he deems meritorious.

## <u>ISSUES PRESENTED FOR REVIEW</u>

I.     Was the judgment of the district court unreasonable, imposing a sentence of 60 months to run consecutively to Mr. McNeill's sentence upon the revocation of his supervised release.

## STATEMENT OF THE CASE

The instant case is intimately related to a prior case involving Terrence Maurice McNeill in the Eastern District of North Carolina, *United States v. Crockton, et. al.*, file no. 5:04-CR-78-F.[4]  In that case, Mr. McNeill was found guilty of one count of Possession of a Firearm by a Convicted Felon (18 U.S.C. § 922(g)(1)).  He was sentenced to 57 months imprisonment and 36 months supervised release.  Mr. McNeill started his term of supervised release on August 14, 2009.

On May 21, 2010, Mr. McNeill committed the instant offense.  His probation officer filed a motion to revoke supervision on the § 922(g) conviction on July 29, and on October 12 Mr. McNeill's supervision was revoked and he was sentenced to imprisonment for a term of 24 months.

At the time his supervision was revoked Mr. McNeill faced no federal charges regarding the May 21 incident (although it appears he did have state charges pending).  On February 9, 2011, while serving his supervision revocation, Mr. McNeill learned that he had been indicted in the Eastern District of North Carolina on the instant charge, one count of knowingly and intentionally

---

[4] The following information is taken from the Motion for Revocation filed by the United States Probation Officer in the case, on July 29, 2010.  DE 121 in that case.

distributing fifty (50) grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). DE 1.[5]

Mr. McNeill waived his detention hearing on May 24, 2011 (DE 18) and entered a plea of guilty on October 3. DE 34. A Presentence Investigation Report was filed (DE 36), along with a sentencing memorandum by his trial counsel (DE 38).

The sentencing memorandum requested the court to vary downward in its sentence based on a "1:1 crack to powder [cocaine] ratio." *Id.* It also requested that the court run his sentence concurrently with the undischarged supervision revocation sentence. *Id.*

On January 3, 2012, Mr. McNeill was sentenced to a term of 115 months imprisonment, to run consecutive to "any imprisonment under a previous state or federal sentence," the district court making no mention of Mr. McNeill's arguments for a variance sentence. DE 40.

Three days after judgment was announced Mr. McNeill noticed appeal (DE 41), asserting error in that the district court had failed to address his arguments to

---

[5] On April 1, 2011, knowing about the indictment, but not having been served it, Mr. McNeill filed a motion for Speedy Trial. DE 5. The district court denied this motion on May 17 (DE 8), and proceeded to set an initial appearance two days later. DE 10.

vary.[6]   This Court of Appeals granted his unopposed motion to vacate and remanded for a new sentence hearing on April 20, 2012.  DE 57.

Mr. McNeill's new hearing was set for August 6, 2012, and he filed a new sentencing memorandum, reiterating his arguments for a variance sentence that applied the "1:1 ratio" and would run concurrent with the sentence on his supervision revocation.   DE 70.   The district court continued sentencing, instructing the parties to brief the issue of the 1:1 ratio, which they did.  DE 75, 76. The hearing was resumed on November 5, 2012.  The court granted his motion to vary and amended his sentence to the statutory minimum of 60 months.  DE 85. The court renewed its judgment that this sentence should run consecutively to his sentence for supervision revocation.  *Id.*

From that amended judgment, Mr. McNeill takes appeal.

---

[6] See "Appellant's Unopposed Motion to Vacate Sentence and Remand For Resentencing," File No 12-4021, Doc: 14-1, filed on March 27, 3012.

7

## <u>STATEMENT OF THE FACTS</u>

According to the indictment, on or about May 21, 2010 Mr. McNeill distributed 50 grams or more of "cocaine base (crack)." DE 1. The indictment includes no additional details. The transcript of Mr. McNeill's Rule 11 hearing indicates that no factual basis was provided during his arraignment. DE 47. There is no written plea agreement, and Mr. McNeill has provided no statements in the record establishing the facts in this case – beyond his guilty plea.

The PSR does contain a brief narrative of the facts. It states that Mr. McNeill met with a confidential informant and undercover agent on May 21, 2010, in Fayetteville, North Carolina, and sold them 54.7 grams of crack for $2,400. ¶ 6. A second controlled purchase was set up for July 15, 2010, but was not completed. *Id.*

While the district court did not expressly adopt the factual basis of the PSR, Mr. McNeill acknowledges that the record of both sentencing hearings make it clear that it did adopt them implicitly.

## SUMMARY OF THE ARGUMENT

Having made a conscientious examination of the record, and concluding that there are no non-frivolous issues on appeal, counsel has an obligation to brief "anything in the record that might arguably support the appeal." *Anders v. California*, 386 U.S. 738, 744 (1967). All issues raised in this brief are raised pursuant to that obligation.

Ultimately, Mr. McNeill claims error in the total length of his period of incarceration, which includes a term of imprisonment as a result of supervision revocation, run consecutively to the instant sentence. He argues that both sentences are a result of the same criminal conduct, and when they are run consecutively, they amount to an unreasonable term of imprisonment, given the relative seriousness of his offense.

Mr. McNeill's first argument is that he has been sentenced twice for the same conduct – first by the revocation of his supervision (as a result of the May 21, 2010 incident) which resulted in a sentence of 2 years imprisonment, and second by the 5 year sentence in the instant offense based on the same incident. This amounts to being "twice put in jeopardy of life or limb" for the same offense. U.S. Const. amend. V. Additionally, the sentence in the instant case was enhanced by the revocation, in that two additional criminal history points were assessed,

bumping Mr. McNeill to a higher criminal history category, and adding 8-10 months to his advisory guidelines sentence. This amounts to "double dipping."

Although Mr. McNeill acknowledges the right of one district court to revoke his term of supervision, and the other to sentence him for the instant offense, he argues that the courts had an obligation to ameliorate the severity of his punishment by running the sentences concurrently or imposing a lesser term of imprisonment in the instant judgment.

Mr. McNeill's second argument is that his sentence is unreasonable because the severity of his relevant conduct is fairly low relative to the length of the sentence imposed. He offers an analysis of the contraband seized on May 21, 2010, conducted by the state crime lab, which showed the substance to be relatively impure. Although 54.7 grams of material changed hands, the active drug (identified as cocaine base) in the sample totaled no more than about 20 grams. Mr. McNeill believes the lower amount is the quantity for which he should have been held responsible in calculating his advisory guidelines sentence.

Mr. McNeill also challenges whether the substance he was accused of selling can properly be identified as "crack" or "cocaine base" within the statutory scheme of 21 U.S.C. § 841 and the U.S.S.G. § 2D1.1, or whether it should be more properly classified as "cocaine" (and subject to the lower powder cocaine penalties).

Mr. McNeill acknowledges that the district court set his sentence at 60 months because of a mandatory minimum (21 U.S.C. § 841(a)(2)).    Whether because of the drug quantity, or because of the nature of the substance, he argues that the mandatory minimum should not have applied to his case.

As a result, Mr. McNeill respectfully contends that the Court should vacate his sentence, and remand to the district court with instructions to impose a lower total sentence, either by running the instant sentence concurrent to the supervision revocation, or by reducing the term of active custody in the instant sentence.

## ARGUMENT

**The District Court's sentence was unreasonable**

### *Standard of Review*

This Court reviews Mr. McNeill's sentence to determine if it is unreasonable. *United States v. Booker*, 543 U.S. 220; 125 S. Ct. 738; 160 L. Ed. 2d 621 (2005). In doing so, the Court asks if the district court abused its discretion. *Gall v. United States*, 552 U.S. 38, 51; 128 S. Ct. 586, 597; 169 L. Ed. 2d 445, 458 (2007). The sentencing court's legal conclusions are reviewed *de novo*, and its factual findings are reviewed for clear error. *United States v. Thornton*, 554 F.3d 443, 445 (4th Cir. 2009) (internal quotation omitted).

### *Argument*

Mr. McNeill respectfully contends that his sentence is unreasonable both procedurally and substantively.

Procedural unreasonableness describes the sentence imposed where the court committed procedural error, such as improperly calculating the Guideline range, failing to consider proffered § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the sentence imposed. *Gall v. United States*, 522 U.S. 38, 51; 128 S. Ct. 586, 597; 169 L. Ed. 2d 445, 458 (2007).

12

Substantive unreasonableness describes the sentence that was improper when considered from the totality of the circumstances, or that varied extensively from the Guidelines range. *Id.* In this Circuit, a sentence within the Guidelines range is presumed reasonable unless the defendant can show it to be unreasonable "when measured against the § 3553(a) factors." *United States v. Montes-Pineda*, 445 F.3d 375, 379 (4th Cir. 2006).

Mr. McNeill contends that the sentence imposed by the district court was procedurally unreasonable because it was based on clearly erroneous facts – specifically the quantity and composition of drugs for which he was found responsible. He contends that the sentence was substantively unreasonable because, when coupled with the supervision revocation, it placed him in jeopardy twice for the same offense, and because the two sentences, when run consecutively, create a length of incarceration that varies upwardly from the presumptive Guidelines sentence for his offense.

## A.     Mr. McNeill's Claims His Sentence is Unreasonable Because It Punishes Him Twice for the Same Crime.

The United States Constitution states: "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. Mr. McNeill is constitutionally protected from being punished twice for a single criminal act.

The right to be free from Double Jeopardy not only grants freedom from being tried twice for the same crime, it also grants freedom from being punished twice for the same offense. *See Ex parte Lange*, 85 U.S. 163, 173, 21 L. Ed. 872, 18 Wall. 163 (1874).

Mr. McNeill contends that the revocation of supervised release for his prior conviction, and the sentence on the instant offense, constitute multiple punishments for the same May 21, 2010 drug sale, and thereby violate his constitutional right to be free from Double Jeopardy.

While this argument has some visceral appeal, unfortunately it must fail in that the revocation and instant sentence are punishments for two different crimes. In *United States v. Woodrup* this Court explained that the sentence imposed for a violation of parole (or post-release supervision) is a modification of the original sentence. 86 F.3d 359, 362 (4th Cir. 1996). Therefore, to paraphrase *Woodrup*, the punishment imposed for violation of the terms of Mr. McNeill's supervised release is properly considered punishment for his previous offense (possession of a firearm by a felon), and not for his subsequent offense of drug trafficking – there is no Double Jeopardy issue. *Id.*

Put in these terms, it is clear that the two district court judges who imposed sentences for the revocation and the instant offense had no duty to take the other into account, or to mitigate or otherwise modify either of Mr. McNeill's sentences

because of the other. In particular, as this Court has held, there is no requirement that a revocation sentence and the sentence for a new offense be run concurrently; the imposition of consecutive sentences in this circumstance is not unreasonable. *See e.g.*, *United States v. Lawton*, 477 Fed. Appx. 964, 965-6 (4th Cir. 2012); *United States v. Murph*, 421 Fed. Appx. 259 (4th Cir. 2011); *United States v. Pankey*, 414 Fed. Appx. 529 (4th Cir. 2011); *United States v. Rodriguez*, 436 Fed. Appx. 247 (4th Cir. 2011).[7]

Mr. McNeill also argues error in that his sentence for the instant drug trafficking offense was, in effect, enhanced because he was on supervision when he committed the instant offense,[8] and yet his supervision had already been revoked. Again, on a visceral level this appears to be an unfair "double counting." A similar situation would exist if a defendant's sentence was enhanced for possession of a firearm during a drug trafficking crime and then run consecutive to a term of imprisonment for violation of 18 U.S.C. § 924(c) (possession of a firearm in relation to a drug trafficking crime). The Sentencing Guidelines expressly

---

[7] Several of the cases cited make reference to U.S.S.G. § 7B1.3(f), which states that a term of imprisonment imposed for violation of supervised release must run consecutively to any sentence of imprisonment the defendant is currently serving. Where (as here) sentence for the substantive offense is imposed *after* the revocation sentence, the Court may, in its sound discretion, run the sentences concurrently or consecutively. U.S.S.G. § 5G1.3(c).

[8] Enhanced, in that the PSR assigned him 12 criminal history points on the basis of prior convictions. ¶ 21. The addition of two points for being on supervised release when the instant offense was committed gave him 14 points, and raised him from criminal history category V to VI.

prohibit this, removing the firearm enhancement of the underlying sentence. U.S.S.G. § 2K2.4 n.4.

While Mr. McNeill considers his situation to be similar, unfortunately this Court does not. This Court has held that, for purposes of calculating the Guidelines, double counting is presumptively proper, except where it is expressly prohibited. *United States v. Hampton*, 628 F.3d 654, 664 (4th Cir. 2010). There is no express prohibition that controls in Mr. McNeill's situation, so the double counting is presumed valid.

**B.     Mr. McNeill Claims His Sentence is Unreasonable Because It is Based on Clearly Erroneous Assumptions About Drug Weight and Composition.**

Mr. McNeill states that he is in possession of a laboratory analysis of the substance that led to his arrest on May 21, 2010.[9]   He acknowledges that the substance is a cocaine derivative akin to crack, and the gross weight is approximately 2 ounces (54.7 grams). He claims the lab report states the quantity of pure drug is a little over 20 grams, and the rest is dilutant. Mr. McNeill believes he should be held accountable for only 20 grams of drug weight, both for purposes of the Sentencing Guidelines, and also for determining the [non]applicability of a mandatory minimum sentence. 21 U.S.C. § 841(b)(1)(B).

---

[9] Counsel has made diligent search of the record and his files, and is unable to locate a copy of this document. Hopefully Mr. McNeill will provide a copy if he decides to submit a supplemental brief on his behalf.

In addition, Mr. McNeill argues that the drug he sold on May 21, 2010 is not "cocaine base" as that term is used in 21 U.S.C. § 841(b)(1), and, therefore, any statutory minimum sentence in his case should be determined by the more lenient cocaine threshold, and not the more stringent "cocaine base" threshold.

The Anti-Drug Abuse Act of 1986, codified in part at 21 U.S.C. § 841, does make distinctions on the basis of drug purity. Pub. L. 99-570, 100 Stat. 3207. Specifically, with respect to phencyclidine (PCP) and methamphetamine, statutory thresholds are set at different amounts, depending on whether the drug has a high purity or a low purity.[10] § 841(b)(1)(A)(iv), (viii), and (b)(1)(B)(iv), (viii). Unfortunately, this distinction does not apply to cocaine or cocaine base. For both of these, the statutory minimum is triggered by threshold quantities of any "mixture or substance containing a detectable amount" of the relevant drug. § 841(b)(1)(A)(ii), (iii), and (b)(1)(B)(ii), (iii).

The Supreme Court summarized the intent of Congress in adopting a "'market-oriented' approach to punishing drug trafficking, under which the total quantity of what is distributed, rather than the amount of pure drug involved is used to determine the length of the sentence." *Chapman v. United States*, 500 U.S.

---

[10] The 10 year statutory minimum can be triggered by, e.g., 100 grams or more of actual PCP (whether alone or in a mixture), *or* 1 kilogram of a mixture or substance containing a detectable amount of PCP. § 841(b)(1)(A)(iv). The application is similar for the lower threshold of PCP and also threshold quantities of methamphetamine.

453, 461; 111 S. Ct. 1919, 1925; 114 L. Ed. 2d 524, 535 (1991). With regard to cocaine, "Congress clearly intended the dilutant, cutting agent, or carrier medium to be included in the weight of those drugs for sentencing purposes." *Id.* at 460; 111 S. Ct. 1919 at 1924; 114 L. Ed. 2d at 534-5.

The law would appear to be settled that, since Mr. McNeill acknowledges the presence of a detectable amount of cocaine base, the entire 54.7 grams of the raw substance must be used in calculating his drug quantity for sentencing purposes. *See also United States v. Campbell*, 354 Fed. Appx. 786 (4th Cir. 2009); *United States v. Carroll*, 1997 U.S. App. LEXIS 9879 (4th Cir. 1997); *United States v. Davis*, 278 Fed. Appx. 263 (4th Cir. 2008); *United States v. Swygert*, 23 Fed. Appx. 191 (4th Cir. 2002); *United States v. Vasquez*, 261 Fed. Appx. 573 (4th Cir. 2008).

Regarding the composition of the substance that changed hands on May 21, 2010, Mr. McNeill appears to argue that it is a form of cocaine different from cocaine base, as the term is used in 21 U.S.C. § 841(b), and therefore not subject to the crack mandatory minimums. Since the threshold quantity of cocaine that triggers a mandatory minimum sentence is 500 grams (§ 841(b)(1)(B)(ii)), he

argues that he is not subject to a 5 year mandatory minimum, and should have been sentenced to a lower term of imprisonment.[11]

In 1993 the United States Sentencing Commission created a definition of "cocaine base" for use in the Sentencing Guidelines:

> "Cocaine base" for the purposes of this guideline, means "crack." "Crack" is the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form." U.S.S.G. § 2D1.1(c) n.(D)

Evidently Mr. McNeill contends that the government did not prove the presence of sodium bicarbonate, and therefore the drugs involved in the May 21 transaction were not "cocaine base."

Unfortunately, this argument was precluded, *inter alia*, by the Supreme Court case *DePierre v. United States*, 131 S. Ct. 2225, 180 L. Ed. 2d 114 (2011), where the Court considered the term and held that it refers to "cocaine in its base form," *e.g.* not a powder. *Id.* at 2231; 180 L. Ed. 2d at 123. Mr. McNeill does appear to acknowledge that the substance in his case is "cocaine in its base form." *See also United States v. Ford*, 88 F.3d 1350 (4th Cir. 1996); *United States v. King*, 1998 U.S. App. LEXIS 13212 (4th Cir. 1998).

---

[11] It must be acknowledged that Mr. McNeill is the beneficiary of the district court's policy of applying the lower powder cocaine guideline range to crack offenders (the so-called "1 to 1 ratio"). DE 91 at 13. Had the court used the Guideline intended for crack, his Guideline range would have been much higher than the statutory minimum of 60 months.

19

Mr. McNeill is also precluded from disputing the composition of the drugs in question, inasmuch as he pled guilty to Count One of the Indictment. The transcript of the arraignment contains this exchange:

| | |
|---|---|
| The Court: | I ask you, did you, on or about May 21, 2010, in this district, knowingly and intentionally distribute 50 grams or more of crack cocaine? |
| The Defendant: | Yes, sir. |

DE 47 at 16.

In light of this admission, Mr. McNeill can dispute neither the quantity nor the composition of this substance.

## CONCLUSION

Counsel submits this brief according to *Anders v. California*, having concluded that there are no non-frivolous issues to raise on appeal. Mr. McNeill may reiterate these, or raise other issues, if he elects to file a supplemental brief with the Court within the next 30 days.

The Court must now conduct an independent review of the record and determine if finds meritorious issues that warrant additional briefing.

Counsel has forwarded a copy of this brief to Mr. McNeill.

## STATEMENT REGARDING ORAL ARGUMENT

Mr. McNeill does not request oral argument.

Respectfully submitted this 19th day of February, 2013.

GILLETTE LAW FIRM, PLLC

/s/ Jeffrey William Gillette
Jeffrey William Gillette
CJA Attorney for Appellant McNeill
N.C. State Bar # 38179
19 West Hargett Street, Suite 601
Raleigh, NC 27601
Tel: (919) 747-8290
FAX: (877) 787-6576

## <u>CERTIFICATE OF COMPLIANCE</u>

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

[ X ] this brief contains [*3,899*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

[    ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

[ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

[    ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: February 19, 2013          /s/ Jeffrey William Gillette
                                                    *Counsel for Appellant*

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on this 19th day of February, 2013, I caused this Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

> Jennifer P. May-Parker
> OFFICE OF THE U.S. ATTORNEY
> 310 New Bern Avenue, Suite 800
> Raleigh, North Carolina 27601
> (919) 856-4530
>
> *Counsel for Appellee*

I further certify that on this 19th day of February, 2013, I caused the required copies of the Brief of Appellant to be hand filed with the Clerk of the Court.

I also certify that on the same day, one bound copy of the same was served, via U.S. Mail, postage prepaid, to:

> Terrence Maurice McNeill #24531-056
> USP Allenwood
> U.S. Penitentiary
> Post Office Box 3000
> White Deer, Pennsylvania 17887
>
> *Appellant*

/s/ Jeffrey William Gillette
*Counsel for Appellant*